**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 20-cr-20207-MOORE

UNITED STATES OF AMERICA,

vs.

YUSUAM SANCHEZ and
JORGE MONTERO,

      Defendants.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** was before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendants Yusuam Sanchez and Jorge Montero in this case (ECF No. 16). Based upon the change of plea hearing conducted on December 2, 2020, this Court makes the following findings, and recommends that the guilty plea of both Defendants be accepted.

1.    This Court advised each Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. This Court further advised the Defendants that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendants' sentences. This Court advised each Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendants Sanchez and Montero, their respective counsel and the Assistant United States Attorney all consented on the record to this Court conducting

the change of plea hearing.

2.      The Court also advised Defendants of their right to appear at the plea hearing in person. Both Defendant Sanchez and Montero waived their right to appear in person. Defendants, their counsel and the Assistant United States Attorney all consented to proceed by videoconference. Counsel concurred that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution that they were eager to finalize, and defense counsel further represented that Defendants' interests were best served by resolving this matter without delay. Indeed, Defendants Sanchez and Montero signed their respective Plea Agreements in September of this year. Pursuant to the Administrative Orders of this Court, specifically, 2020-41, 2020-33, 2020-24, 2020-21, 2020-18, and 2020-23, the Court found that Defendants' guilty pleas could not be further delayed without serious harm to the interests of justice.

3.      This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

4.      Defendants both pled guilty to Count I of the Information, which charges them with Aggravated Identity Theft, in violation of Title 18, United States Code Section, Section 1028A(a)(1). The Court advised Defendants that as to Count I there is (a) a statutory minimum sentence of two years imprisonment; (b) followed by up to one year of supervised release; (c) a fine of up to $250,000; and (d) a mandatory special assessment of $100.00. Defendants were also advised of the possibility of restitution. Defendants acknowledged that they understood the possible maximum penalties that could be imposed in the case.

5.    To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendants are pleading guilty. Defendants acknowledged that the facts proffered by the Government were accurate, and both defense counsel agreed that the proffer satisfied all elements of the crime charged.

6.    The parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and each Defendant acknowledged that he had reviewed the entire agreement with his counsel and that it was translated for him before he signed the agreement. Each Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with him.

7.    Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant Sanchez is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. In addition, the undersigned specifically finds that the Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary. Similarly, I find that Defendant Montero is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. In addition, the undersigned specifically finds that the Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary.

8.    Therefore, the undersigned recommends that Defendants Sanchez and Montero each be

found to have freely and voluntarily entered his guilty plea to the Indictment filed in this case, as more particularly described herein, and that each Defendant be adjudicated guilty of that offense.

9.  A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing has been set for February 11, 2021, at 10:00a.m. Therefore, it is hereby:

**RECOMMENDED** that Defendant Sanchez's plea of guilty be accepted, that Defendant Sanchez be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter. It is further **RECOMMENDED** that Defendant Montero's plea of guilty be accepted, that Defendant Montero be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

As explained at the hearing, the parties will have fourteen calendar days from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 2nd day of December, 2020.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**